**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CHEPILKO,**

                **Plaintiff,**

-against-

**CITY OF NEW YORK, ET AL.**

                **Defendants.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _____

**21-cv-11229 (ALC)**

**ORDER**

**ANDREW L. CARTER, United States District Judge:**

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, asserting that Defendants violated his First Amendment right to sell his photographs at Rockefeller Center. By order dated February 18, 2022, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. ECF No. 3.

      On February 22, 2022, the Court issued an Order of Service finding that the Plaintiff is entitled to rely on the Court and the U.S. Marshalls Service to effect service. *See* ECF No. 5. The Order also directed the New York City Law Department to ascertain the identity and badge number of each John Doe whom Plaintiff sought to sue in his initial complaint. *Id*. On December 19, 2022 Plaintiff filed an Amended Complaint naming the individual defendants. On January 19, 2023, the Court granted Plaintiff leave to file a second amended complaint. ECF No. 25. On February 22, 2023, Plaintiff advised the Court he would not file a second amended complaint. ECF No. 26. On March 16, 2023 the Court held a conference with the parties to confirm Plaintiff's position on the issue of amending his complaint. *See* ECF No. 27. On March 20, 2023, the Corporation Counsel of the City of New York advised the Court that it would not accept service on behalf of the individual defendants. ECF No. 30.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Michael Loeffel and Louis Barbarelli through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue an amended summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants. Defendants' service address is included below.

If the amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is respectfully directed to mail an information package to Plaintiff. The Clerk of Court is further instructed to issue an amended summons for Defendants Michael Loeffel and Louis Barbarelli, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

**SO ORDERED.**

**Dated:**    **March 27, 2023**
              **New York, New York**

_____
       **ANDREW L. CARTER, JR.**
       **United States District Judge**

## DEFENDANTS AND SERVICE ADDRESS

1. **Officer Michael Loeffel**
   Tax No. 947182
   19 Elizabeth Street
   New York, New York 10013

2. **Lieutenant Louis Barbarelli**
   Tax No. 932298
   19 Elizabeth Street
   New York, New York 10013